# WELLS FARGO & COMPANY EXPRESS *v.* FORD.

## ERROR TO THE COUNTY COURT OF MADISON COUNTY, STATE OF TEXAS.

No. 259. Submitted May 5, 1915.—Decided June 21, 1915.

The carrier cannot be held responsible for goods taken from its custody by valid legal process provided it gives the owner prompt notice of the suit so that he may have an opportunity to protect his interest.

As the carrier is not bound to make any defense it is all the more bound to give the consignor notice so that he may appear and make his own defense.

Where the carrier gives notice of suit and the owner fails to appear or fails in his defense, and the seizure and sale of the property under judicial process amounts to *vis major*, the carrier cannot be held responsible for yielding thereto.

Where, as in this case, the carrier failed to give reasonable notice to the owner, it cannot plead the judgment obtained against it taking the owner's goods; and in such a case, if the judgment was rendered in another State, the refusal of the court to admit it on the common-law ground that notice was not given to the owner does not amount to a denial of full faith and credit under the Federal Constitution.

THE facts, which involve the liability of carriers for goods taken from them by legal process and also the construction and application of the full faith and credit clause of the Federal Constitution, are stated in the opinion.

*Mr. H. M. Garwood* and *Mr. C. W. Stockton* for plaintiff in error:

The defense in the court below was good.

Full faith and credit to the judicial proceedings of the court of the State of Illinois was denied. See Moore on Carriers (2d ed.), 327–331; *Carpenter* v. *Strange,* 141 U. S. 87; *Fauntleroy* v. *Lum,* 210 U. S. 230; *Green* v. *Van Buskirk,* 7 Wall. 139; *Harris* v. *Balk,* 198 U. S. 215; *Insur-*

*ance Co.* v. *Harris*, 97 U. S. 331; *M'Elmoyle* v. *Cohen*, 13 Pet. 312; *Simmons* v. *Saul*, 138 U. S. 439.

No appearance for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

D. W. Ford was a traveling salesman who was much of the time on the road, but considered Madisonville, Texas, as his home. On September 16, 1912, he shipped from that place to the Walker-Edmond Company, at Chicago, a package containing a ring with "C. O. D. charges thereon amounting to $35." When the package arrived in Chicago, it was tendered to the consignee who refused to receive it or to pay the $35. The Walker-Edmond Company, in order to obtain possession of the ring, forthwith brought an action in replevin against Ford and the Express Company in the Municipal Court of Chicago. The writ, returnable October 4, was only served on the Express Company—the officer making return that Ford was not to be found. The Chicago agent of the Express Company on September 21 wrote the agent at Madisonville to notify Ford of the pendency of the suit to be tried on October 4. There is a claim that the agent at once wrote the Chicago office that Ford did not desire to employ counsel and would hold the Company responsible under its C. O. D. contract. The record shows that the local agent, on October 2, mailed a letter to Ford at Madisonville containing a notice that judgment would go by default unless Ford defended by October 4.

Ford claimed that he was absent from Madisonville during the months of September and October and received no notice of the pendency of the suit until after his return in November—and after the Municipal Court of Chicago had entered a default judgment, finding that Walker-Edmond Company was entitled to the possession of the ring.

Subsequently Ford demanded that the Express Com-

pany should return him the property or else pay him $35, which it had been instructed to "Collect on Delivery." On its failure to comply Ford brought suit in a Texas court against the Express Company which defended on the ground that it was not liable because the package had been taken from it by judicial process. In support of that defense it offered a copy of the Illinois record in the case of *Walker-Edmond Co.* v. *Wells, Fargo & Co. Express and D. W. Ford.* The judge of the County Court found that Ford had not been served in any way provided by law and "on account of the Express Company's negligence in failing to give the plaintiff legal notice of the pendency of the suit in Chicago it is liable on account of its negligence." Judgment was thereupon entered for Ford by the County Court of Madison County, Texas,—the highest court of that State having jurisdiction of the case— and the Express Company brought the case here by writ of error in which it complains of the failure of the Texas court to give full faith and credit to the judicial proceedings of the Municipal Court exercising jurisdiction under the laws of the State of Illinois.

In the brief it is said that, while the case is for a small sum, the writ of error is prosecuted to test the constantly recurring and, to it, important question as to whether the Express Company can be held liable to consignors who sue in one State to recover property which has been taken from the carrier by the judicial processes of another State. But the law is well settled. The carrier cannot be held for goods taken from its custody by valid legal process, provided it gives the owner prompt notice of the suit so that he may have an opportunity to protect his interest. For, as the land carrier is not bound (*The M. M. Chase*, 37 Fed. Rep. 708) to make a defense, it is all the more bound to give the consignor notice of the suit so that he may appear and make his own defense. *Ohio & M. R. R.* v. *Yohe*, 51 Indiana, 181; *Merz* v. *Chicago &c. Ry.*, 86

Minnesota, 35; *Bliven* v. *Hudson &c. R. R. Co.*, 36 N. Y. 403, 407. If the carrier gives such notice and the consignor fails to appear, or fails in his defense, and the property is seized, held, or sold under judicial process, the carrier cannot thereafter be held responsible for yielding to what must then be treated as *vis major*.

In the present case the carrier, in recognition of its duty to give notice, instructed the agent at Madisonville to notify Ford of the pendency of the suit. The local agent, without making inquiries to learn whether Ford was in town or absent, in the course of his business as a traveling salesman, contented himself with mailing a letter directed to Ford at Madisonville. This letter was posted only two days before the trial in Chicago and was not received by Ford until after his return to Madisonville, and after the judgment in the replevin suit had been entered against the Express Company. The Texas court held that the carrier was liable for the value of the consigned goods because it had been guilty of negligence in failing to give Ford legal notice.

That judgment, based on that common-law ground, did not deny full faith and credit to the Illinois judgment which was treated as valid between Walker-Edmond Co. and the Express Company. It, however, was not available to the Express Company because it established only one of the two elements which the carrier had to prove in order to make out its defense when sued by Ford for the property. For the carrier not only had to show that the package had been taken from it by a valid judicial process, but it also had to show that Ford had been given prompt notice of the pendency of the suit in which that process issued. The decision against the Express Company was based on its failure to prove that it gave the notice which was the condition precedent of its right to use the valid Illinois judgment.

*Affirmed.*